UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark David Holt,<br><br>Defendant. | Case No. 14-cr-68 (SRN/JSM)<br><br><br><br>**ORDER** |

Kimberly A. Svendsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Paul Applebaum, Applebaum Law Firm, First National Bank Building, 332 Minnesota Street, Suite W1610, St. Paul, Minnesota 55101, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter came before the undersigned United States District Judge on Defendant's Motion to Strike [Doc. No. 41] and Defendant's Motion to Extend Prison Turn-In Date [Doc. No. 42]. Defendant seeks an order striking a portion of his Presentence Report and extending his prison turn-in date by three weeks. (See Def.'s Mot. to Strike [Doc. No. 41], at 1; Def.'s Mot. to Extend Prison Turn-In Date [Doc. No. 42] ("Mot. to Extend"), at 1.) For the reasons set forth below, Defendant's motions are denied.

**I.   BACKGROUND**

Defendant pled guilty to wire fraud on April 1, 2014. (See Information [Doc. No. 12], at 3–4; Tr. of Apr. 1, 204 Change of Plea Hr'g [Doc. No. 21], at 12–13, 30.) Counsel for the parties received a copy of the draft Presentence Report on May 19, 2014, and

1

Defendant's proposed amendments were incorporated into the final copy. (See Addendum to the Presentence Report.) Paragraph 47 of the final copy of the Presentence Report ("PSR") contains the following statement relating to a 2012 DWI conviction: "Witnesses advised that the defendant punched another person in the face or head, causing the other person to fall backwards and hit their head on the concrete."

On July 3, the Government filed its Position With Respect to Sentencing, in which it noted that, in the PSR, "[Defendant] obtained a criminal history category of IV mostly through a series of aggravated drunk driving offenses, some of which involved assault." (Govt.'s Position With Respect to Sentencing [Doc. No. 27], at 4.) On August 11, Defendant filed his Position Regarding Sentencing. Defendant argued that the PSR "substantially over-represents the seriousness of his criminal past," (Def.'s Position Regarding Sentencing [Doc. No. 30], at 1), and he characterized the matters for which he received criminal history points—including the 2012 DWI conviction—as "relatively minor offenses, which occurred seven years or more in the past," (id. at 3).

Defendant's sentencing hearing was held on August 14. At the outset of the hearing, the Court confirmed that Defendant's counsel had received a copy of the PSR and Addendum and had a chance to review them with Defendant, and that Defendant had no objections. (See Tr. of Aug. 14, 2014 Sentencing Hr'g [Doc. No. 38], at 2–3.) Because the Government also did not have any objections, the Court adopted the factual statements in the PSR as its findings of fact. (Id. at 3.) Defendant's counsel then argued for a downward departure and variance under the Sentencing Guidelines, noting that:

> The points that [Defendant] has accrued before he was indicted in this case are all misdemeanor State Court cases. And not to minimize breaking the law at the misdemeanor level in State Court, but I believe they push him into a guideline range or into a criminal history range that far exceeds the actual criminal behavior and distorts his criminal history score. I think it's also interesting to note that the—all of the offenses—none of them are theft offenses or any situation involving dishonesty but they're all an organic product of his chemical dependency. They're all alcohol-related crimes.

(Id. at 4–5.) In response, the Government argued:

> And indeed, with his assessment that his criminal history is overrepresented, these are not just driving offenses, although if the Court looks at the names of some of the offenses, they might appear to be at first. I know the Court has taken a look at the facts of those prior offenses and seen that there's some violent conduct associated with them, including a DWI in which the Defendant punched a person in the face . . . .

(Id. at 23.) Defendant's counsel then pointed out that, in that matter, Defendant was not convicted of assault or required to admit to an assault. (Id. at 30.) At the conclusion of the hearing, Defendant's counsel again referred to the PSR, this time in conjunction with his concern that any reference to "handguns or weapons"—if there was one that he had overlooked—be stricken so that it would not affect the "security calculation." (Id. at 41.)

After hearing the parties' arguments, the Court sentenced Defendant to imprisonment for a term of 120 months and ordered Defendant to pay restitution. (Id. at 31.) The Court stated that it would "recommend to the Bureau of Prisons that [Defendant] be designated to a facility in Minnesota or as close to Minnesota as possible," but noted that the Court has no control over the Bureau of Prisons' decision. (Id. at 34.) The Court then ordered Defendant to self-surrender for service of his sentence at the institution designated by the Bureau of Prisons by 2:00 p.m. on Thursday, September 11. (Id. at 40.) The Bureau of Prisons

designated Defendant to serve his prison sentence at Leavenworth, and Defendant filed the present motions on September 9.

## II.     MOTION TO STRIKE

In his Motion to Strike, Defendant seeks an order striking the portion of Paragraph 47 of the PSR stating that Defendant "punched another person in the face or head, causing the other person to fall backwards and hit their head on the concrete." (Def.'s Mot. to Strike, at 1.) Defendant argues that "the incident as described never happened," and that, instead, "the injured man was the initial aggressor" and fell to the ground after jumping on Defendant's back. (Id.) According to Defendant, the Minneapolis City Attorney's Office dismissed the assault count "without objection from the injured man" and, in fact, "the injured man" requested that the charge be dismissed. (Id.) Defendant believes that the inclusion of the challenged statement in the PSR resulted in the Bureau of Prisons designating him to Leavenworth, "a designation bearing absolutely no relation to [Defendant's] actual security requirements." (Id. at 2.) In opposition, the Government argues that Defendant's request is untimely and that, in any event, the information contained in the PSR is accurate and should be provided to the Bureau of Prisons. (See Govt.'s Resp. to Def.'s Mots. to Strike and to Extend Prison Turn-In Date [Doc. No. 43] ("Govt.'s Resp."), at 1, 7.)

The Court agrees with the Government. As an initial matter, Defendant's request is untimely. Rule 32 of the Federal Rules of Criminal Procedure requires that any objections to the PSR be made within 14 days of receipt of the PSR. Fed. R. Crim. P. 32(f)(1). Counsel for Defendant received a copy of the draft PSR on May 19, 2014, and it was noted

4

in the Addendum to the final copy that Defendant's proposed amendments had been incorporated. Defendant does not contend that he raised any objections that were not incorporated. Thereafter, despite the Government's references in its position on sentencing and at the sentencing hearing to "a series of aggravated drunk driving offenses, some of which involved assault," and "a DWI in which the Defendant punched a person in the face," respectively, Defendant did not challenge the inclusion of that language in the PSR. In fact, Defendant's counsel explicitly acknowledged that Defendant received criminal history points for the 2012 DWI conviction and noted that Defendant had not been convicted of assault or required to admit to assault, but he still did not object to inclusion of the challenged statement in the PSR. Rather, Defendant raised the issue for the first time two days prior to his turn-in date. This objection—made almost four months after Defendant first received the draft PSR—is well outside of the time limit prescribed by Rule 32, and as noted by the Government, "[Defendant] has provided no [r]ule, statute, or case law in support of the proposition that the Court retains jurisdiction to make changes to the PSR post-judgment." (Govt.'s Resp. at 7.)

In addition, the Government has presented reliable evidence demonstrating the accuracy of the challenged statement. Most notably, the police report relating to the 2012 DWI conviction states that Defendant admitted to being involved in an altercation and that a witness observed Defendant punching the victim in the head/face and the victim falling backward to the ground. (See id., Ex. 1, at 1–2, 9.) Had this evidence been presented at the sentencing hearing, it would have been proper for the Court to rely upon it. See United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009) (noting that "'[h]earsay is admissible

in a sentencing hearing and can be used to determine facts if the hearsay has sufficient indicia of reliability'"). Moreover, even where a defendant maintains his innocence relating to information contained in his criminal history, the court may refuse to strike the material from the PSR if the defendant fails to object to its inclusion and the information is fairly presented. See United States v. Beatty, 9 F.3d 686, 689 (8th Cir. 1993). Here, although Defendant maintains his innocence regarding the challenged statement, the PSR is consistent with the description of events contained in the police reports, and it notes that the assault charge was ultimately dismissed. Accordingly, the information is presented in a fair manner, and the Court declines to strike the challenged statement from the PSR.

### III. MOTION TO EXTEND

The sole basis for Defendant's Motion to Extend is that, should the Court grant Defendant's Motion to Strike, the Bureau of Prisons will need at least two weeks to review the amended PSR and make its designation. (See Mot. to Strike, at 1.) In light of the Court's denial of Defendant's Motion to Strike, Defendant's Motion to Extend is also denied.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Strike [Doc. No. 41] is **DENIED**; and

2. Defendant's Motion to Extend Prison Turn-In Date [Doc. No. 42] is **DENIED**.

Dated: September 10, 2014         s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge